```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

THEODORE R. SCOTT,

        Plaintiff,

  v.                              Civil No. 17-2869 (NLH/KMW)

SCHINDLER ELEVATOR             **OPINION**
CORPORATION, DAVE DURANT,
KYLE RAINWATER, JOE ZEILMAN,
JOHN & JANE DOES 1-10, and
ABC & XYZ CORPORATIONS,

        Defendants.

**APPEARANCES:**

MARCIA Y. PHILLIPS
MARCIA Y. PHILLIPS, ESQ. LLM & ASSOC.
PO BOX 625
MOORESTOWN, NJ 08057
1900 MARKET STREET, SUITE 800
PHILADELPHIA, PA 19103

    *Attorney for Plaintiff Theodore R. Scott.*

GREGORY T. ALVAREZ
ROBERT J. CINO
JACKSON LEWIS P.C.
220 HEADQUARTERS PLAZA
EAST TOWER, 7TH FLOOR
MORRISTOWN, NJ 07960-6844

TIMOTHY MICHAEL MCCARTHY
JACKSON LEWIS P.C.
1601 CHERRY STREET
SUITE 1350
PHILADELPHIA, PA 19102

    *Attorneys for Defendants Schindler Elevator Corporation, Dave Durant, Kyle Rainwater, and Joe Zeilman.*

**HILLMAN, District Judge**

This case concerns various federal and state employment discrimination claims, as well as state common law claims, relating to the termination of Plaintiff's employment with Defendants.  Currently before the Court is Defendants' Motion for Reconsideration.  For the reasons discussed herein, Defendants' Motion for Reconsideration will be granted, in part, and denied, in part.

## BACKGROUND

This Court takes its facts from its May 3, 2019 Opinion and Order analyzing Defendants' Motion to Dismiss.  It incorporates the facts stated in that opinion as if stated fully herein. After the Court's May 3, 2019 Opinion and Order was published, Defendants filed their Motion for Reconsideration on May 17, 2019.  After several extension requests, Plaintiff's opposition was filed on June 17, 2019.  Defendants filed a letter on June 20, 2019 requesting additional briefing in the event that the Court were to consider Plaintiff's opposition as a cross-motion for reconsideration.  The Court entered a text order on June 24, 2019 denying Defendants' supplemental briefing request and stating it would not consider Plaintiff's opposition brief as a cross-motion for reconsideration.  Defendants' Motion for Reconsideration, therefore, is fully briefed and ripe for adjudication.

2

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1367.

### B. Motion for Reconsideration Standard

Local Rule 7.1(i) allows a party to file a motion with the Court requesting the Court to reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Under Local Rule 7.1(i), the moving party must demonstrate "'the need to correct a clear error of law or fact or to prevent manifest injustice.'" Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Mitchell, 913 F. Supp. 2d at 78 (citation omitted). A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### C. Plaintiff's Opposition Brief

On June 17, 2019, Plaintiff filed a document entitled "Plaintiff's Brief in Opposition to Motion for Reconsideration." In it, as Defendants highlight in their June 20, 2019 letter to

the Court, are several arguments which could be considered objections to the Court's May 3, 2019 Opinion and Order. In response to Defendants' letter, which requested the opportunity to respond to the points made in Plaintiff's opposition brief, the Court issued a text order to the docket on June 24, 2019 stating that it would not consider Plaintiff's opposition brief as a cross-motion for reconsideration. Plaintiff has not responded to this letter or filed any statement concerning the Court's text order.

In the interest of a complete record, the Court explains now the reasons why it does not consider Plaintiff's opposition brief a cross-motion for reconsideration. There are four reasons:

- Plaintiff's document is not presented as a cross-motion for reconsideration, but merely as an opposition brief.
- Plaintiff did not file a notice of motion or a proposed form of order to accompany his brief, which suggests Plaintiff did not intend to file a cross-motion.
- Local Rule of Civil Procedure 7.1(i) only grants a party fourteen days from the entry of the order or judgment on the original motion for a party to file

> for reconsideration, but Plaintiff's filing was submitted well after this period had elapsed.
> 
> - Plaintiff's objections merely rehash arguments which were made in its opposition to Defendants' Motion to Dismiss, which is not a basis for relief on a motion for reconsideration.

Based on these four reasons, this Court will not consider or analyze any arguments except those related to Defendants' Motion for Reconsideration.

**D. Defendants' Motion for Reconsideration**

Defendants dispute two rulings made by this Court. First, Plaintiff argues this Court erred when it decided it would not consider the contents of the settlement agreement and release (the "Settlement Agreement" and the "Release," respectively, and the "2012 Agreements," collectively) presented to the Court at this stage in the proceedings. Within this argument, Defendants also argue the Court erred when it determined that the New Jersey Law Against Discrimination ("NJLAD") claims were not time-barred. Second, Defendants argue the Court erred when it only dismissed Plaintiff's § 1981 claim without prejudice. Plaintiff argues the Court correctly decided these issues, generally pointing to remaining issues of fact as to whether the 2012 Agreements are genuine and whether he signed them. The Court will address these arguments in turn.

5

a. <u>Whether the Court Erred in Refusing to Consider the 2012 Agreements</u>

First, the Court will address Defendants' argument concerning the 2012 Agreements. Generally, Defendants argue the Court should have considered the 2012 Agreements and found that those documents waived all NJLAD claims. The specific factual assertions presented are as follows:

- Defendants assert Plaintiff signed the 2012 Agreements.

- Defendants assert Plaintiff's position post-2012 reflects the details of the 2012 Agreements they claim Plaintiff signed.

- Defendants assert Plaintiff has not stated he never signed the 2012 Agreements, just that he does not recall signing the 2012 Agreements.

- Plaintiff's statements concerning his memory are also legal in nature because Plaintiff argues he did not sign a document waiving any claims – not that he did not sign a document.

- Plaintiff admits in his pleadings that he settled the previous employment complaint with Defendants.

- Plaintiff only denies signing the Settlement Agreement, not the Release – and it is the Release which has legal significance in this case.

6

The Court finds these arguments unpersuasive. The Court reminds Defendants that these arguments are presented at the motion to dismiss stage. Considered under this standard – which this Court was duty-bound to apply – Defendants' arguments are simply irrelevant. The Court may only consider the contents within the four-corners of Plaintiff's Second Amended Complaint (the "SAC"). The only method by which the Court could consider the documents and affidavits presented by Plaintiff and Defendants would be (1) if it converted Defendants' Motion to Dismiss into a motion for summary judgment or (2) if the documents were necessary to the pleading and undisputedly authentic. Neither of these cases apply, as no party requested a conversion of the motion and the Court cannot find the 2012 Agreements are undisputedly authentic because of Plaintiff's contention that he did not sign them or does not remember signing them.

The Court agrees with Defendants, it is improbable that "Defendant concocted an intricate scheme to exterminate [Plaintiff's] NJLAD claim." (Defs.' Mot. for Recons. 3.) But, this improbability does not necessarily lead to implausibility, nor does it allow the Court to dismiss the claim. As Defendants state themselves "Plaintiff's assertion[s] . . . [are] simply not enough to put at issue not just the credibility of Defendant, but also the credibility of the State agency charged

7

with enforcing the New Jersey Law Against Discrimination."
(Defs.' Mot. for Recons. 6 (emphasis added)). Requesting the
Court to consider the "credibility" of parties or non-parties or
decide whether there is a "genuine issue of fact" is, again,
improper at the motion to dismiss stage. Therefore, the Court
cannot consider the contents of the 2012 Agreement, much less
rule on their legal significance in this case, if any.

Accordingly, the Court will deny Defendants' Motion for
Reconsideration on these grounds. Defendants have failed to
show the Court erred. The Court notes, for the record, that
Defendants are not disclosed from re-asserting these arguments
at a later stage in the proceeding when they may be
appropriately considered by the Court.

Defendants also argue the Court erred in not finding that
Plaintiff's NJLAD claim is time-barred. Defendants argue NJLAD
claims are subject to a two-year statute of limitations, so any
claims based on conduct pre-May 2014 cannot be considered.
Plaintiff argues he should be allowed to "bring up the earlier
history, pursuant to a finding that the alleged waiver is
invalid." (Pl.'s Opp'n Br. 1.) Otherwise, Plaintiff does not
present any arguments in opposition to the statute of
limitations issue.

The Court did not err. The Court did not determine in its
May 3, 2019 Opinion and Order that Plaintiff may bring a claim

based on the 2011 termination.  The Court only determined that it may consider – at this stage in the proceeding – the allegations that discrimination occurred in New Jersey prior to 2012 and those allegations must be considered in tandem with those of alleged discrimination in Pennsylvania.  Defendants present no law preventing the Court from considering these allegations either on their Motion to Dismiss or on their Motion for Reconsideration.  As stated in the Court's May 3, 2019 Opinion, considering these allegations counsels that the Court should not, at this point, dismiss the NJLAD claim based on a theory that there is no connection to New Jersey.

      b. <u>Whether the Court Erred in Dismissing Plaintiff's 42 U.S.C. § 1981 Claim Without Prejudice</u>

Second, Defendants assert this Court erred when it dismissed Plaintiff's 42 U.S.C. § 1981 claim without prejudice.  Defendants argument is simple: Magistrate Judge Karen M. Williams previously decided Plaintiff was not permitted to amend his complaint to include a § 1981 claim and that decision was made with prejudice.  Plaintiff offers no opposition to this argument, merely stating its agreement with the Court's May 3, 2019 ruling.

Some procedural background is required, as what occurred is not readily apparent from the docket.  On June 29, 2018, Plaintiff filed a Motion to Amend his First Amended Complaint.

On June 30, 2019, Plaintiff filed Docket item 41, the Proposed Second Amended Complaint. Within that document, there are seven counts. As the Court noted in its May 3, 2019 Opinion, none of those counts were brought under § 1981. On July 22, 2018, Plaintiff filed a revision to Docket item 41, which is found at Docket item 45. This document does not merely fix typographical errors, it attempted to add a claim under § 1981.

After this second Proposed Second Amended Complaint was filed, Defendants filed a letter in opposition. On August 13, 2018, Judge Williams held a status conference where she addressed the serial filings of amended complaints and Defendants' letter protesting this practice. Specifically, Judge Williams stated during that status conference that Docket item 45 would be "dismissed with prejudice." Judge Williams issued an Order the same day, allowing Docket item 41 to be filed as Plaintiff's Second Amended Complaint and stating that Docket item 45, the second Proposed Second Amended Complaint, "will not be considered and will have no operative effect in this case."

Based on these undisputed facts, it is clear that the Court erred in its decision. Plaintiff's SAC did not contain a § 1981 claim. Judge Williams did not allow Plaintiff to file a complaint with a § 1981 claim, and that decision was made with prejudice. Combining these undisputed facts of record, it is

clear that the Court should have dismissed Plaintiff's § 1981 claim with prejudice.  The Court was not permitted – nor did it intend - to second-guess Judge Williams' decision on this procedural posture.  Accordingly, the Court will grant Defendants' Motion to Reconsideration on these grounds.

The dismissal of this claim, with prejudice, however, presents an additional issue which the Court must consider.  All federal claims have been dismissed in this matter, and only state law claims remain.  Although the language of the SAC is imprecise, it appears that the citizenship of both parties is New Jersey, prohibiting the assertion of diversity jurisdiction.  What remains within the Court's power, therefore, is supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The parties will be ordered to show cause as to why this Court should retain jurisdiction over this matter than remand it for further proceedings in the appropriate New Jersey state court.

## CONCLUSION

For the foregoing reasons, the Court will grant, in part, and deny, in part, Defendants' Motion for Reconsideration.  The parties will be ordered to show cause as to why this Court should retain jurisdiction over this matter.

An appropriate Order will be entered.

Date: August 13, 2019         s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.